IN THE MATTER OF THE APPLICATION OF MEYER C. ELLENSTEIN AND OTHERS FOR WRITS OF CERTIORARI TO REMOVE TO THE SUPREME COURT INDICTMENTS RETURNED TO THE ESSEX COUNTY COURT OF OYER AND TERMINER BY THE ESSEX COUNTY GRAND JURY, SEPTEMBER TERM, 1937.

Argued January 20, 1938—Decided March 14, 1938.

Before Justice BODINE, HEHER and PERSKIE.

For the defendant Ellenstein, *John E. Toolan.*

For the defendant Franklin, *John W. McGeehan, Jr.*

For the defendant Minisi, *Ferdinand D. Masucci.*

For the defendant Duffy, *John A. Matthews.*

For the defendant Parnell, *Edward R. McGlynn.*

For the defendant Boettner, *Osborne, Cornish & Scheck.*

For the defendant Tepper, *Joseph C. Braelow.*

For the defendant Reichenstein, *Bernard Devin.*

For the defendant Fieldman, *John Drewen.*

For the defendant Stevens, *Stickel & Stickel.*

For the defendant Berry, *Arthur J. Connelly.*

For the defendant Stoutenbergh, *John W. Strahan.*

For the defendant Cronheim, *John F. Ryan.*

For the defendant Lehman, *Walter G. Winne.*

For the defendant Demarest, *Frederick M. P. Pearse.*

For the defendants Beckwith and Yeomans, *Congleton & McLaughlin.*

For the defendant Lippman, *Joseph L. Lippman, pro se.*

For the defendant Klein, *Morris H. Klein, pro se.*

For the defendant Ferry, *Milton M. Unger.*

For the defendants Silver, Silver, Held, Sax, Sax and Chernin, *Merritt Lane.*

For the defendants Raschkover and Heimberg, *Harold Simandl.*

For the defendant Kaplus, *Mac A. Kaplus.*

For the defendant DeCamp, *Ira C. Moore, Jr.*

For the state, *Warren Dixon, Jr.,* special assistant attorney-general, *William A. Wachenfeld,* prosecutor of the Pleas, and *Joseph E. Conlon,* first assistant prosecutor of the *Pleas.*

PER CURIAM.

These are applications for writs of *certiorari* to remove into this court indictments returned against the above named defendants in the Essex Oyer and Terminer, at the September term, 1937. They are grounded (a) in two matters dehors the indictments, *i. e.*, (1) asserted errors in the charge delivered to the grand jury, prejudicial to their fundamental rights, and (2) the claimed presentation to that body, likewise to the prejudice of their substantial rights, of the report and findings of Warren Dixon, Esquire, as an expert appointed by Mr. Justice Parker, under the provisions of chapter 3 of the laws of 1907, as amended and supplemented, to investigate alleged unlawful expenditures of moneys of the city of Newark; (b) defects alleged to appear upon the face of the indictments; and (c) the alleged attendance of an unauthorized person upon the grand jury during its deliberations.

Our examination of the briefs submitted by the respective parties satisfies us that the questions so raised are fairly debatable, and that, under all the circumstances, the indictments should be brought into this court for the purpose of making motions to quash upon the above-mentioned grounds only.

The defendants do not assign, as a reason for quashing the indictments, that there was no competent evidence before the grand jury tending to show the commission of the crimes charged; and such an inquiry is not to be had. In fact, they agree that this limitation should be imposed.

Writs of *certiorari* are accordingly allowed to remove the indictments into this court for the purpose of making motions to quash limited to the grounds stated above; and the *allocaturs* will be so conditioned.